**CRAWFORD–STRAUSS PROPERTIES, INC. et al., Appellants,**

v.

**SAGEBRUSH SALES COMPANY, Appellee.**

No. 8691.

Court of Civil Appeals of Texas, Texarkana.

Nov. 24, 1980.

Rehearing Denied Dec. 16, 1980.

Jack Pew, Jr., Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellants.

Thomas P. Earls, Dallas, for appellee.

RAY, Justice.

This case is being reconsidered upon the sufficiency of the evidence points after remand from the Texas Supreme Court. *Sagebrush Sales Company v. Richard C. Strauss, Et Al.*, 605 S.W.2d 857 (Tex.1980). See *Crawford-Strauss Properties v. Sagebrush Sales*, 598 S.W.2d 1 (Tex.Civ.App. Texarkana 1980, writ granted), for our original opinion in this case.

The Texas Supreme Court has determined that more than a scintilla of evidence exists to support the jury findings that the affairs of Crawford-Strauss Properties, Crawford-Strauss Properties, Inc., Crawford-Strauss Investments, and Strauss Investments, Inc., were indistinguishable from the affairs of Richard C. Strauss and that Richard C. Strauss controlled each. That determination is supported only by the deposition testimony of R. E. Scammell, the purchasing agent for Crawford-Strauss Properties, Inc. and Scammell was highly equivocal about the relationship among the appellants. Scammell was never employed by Crawford-Strauss Properties, a partnership; and never worked for such an entity. He had once worked for Strauss Investments, Inc., but never an entity called Strauss Investments. On April 1, 1974, Scammell was employed by Crawford-Strauss Properties, Inc. It was Strauss Investments' management company which Scammell testified was "a company owned, controlled, or whatever, by Richard C. Strauss."

■ It is our opinion that the evidence adduced at the trial was insufficient to establish that Crawford-Strauss Properties, Strauss Investments, and Strauss Investments, Inc. were the alter egos of Richard C. Strauss. This cause will be reversed and remanded for further development of the evidence as to the legal status of the various entities sued by Sagebrush and what control, if any, that Richard C. Strauss exercised over those entities.

■ Additionally, it is our opinion that the evidence was factually insufficient to justify the jury in reaching the conclusion

that Richard Strauss intended that Sagebrush Sales Company rely upon his financial statement in extending credit to Crawford-Strauss Properties, Inc. Looking at the evidence of what occurred *before* credit was extended by Sagebrush, the evidence is too slight to determine the intent of Richard C. Strauss. The efforts of Sagebrush to hold Richard Strauss as primary obligor falls short of the requirement of the assumption of primary responsibility for the payment of the debt. *Haas Drilling Company v. First National Bank in Dallas*, 456 S.W.2d 886 (Tex.1970).

 It is our further opinion that the evidence is insufficient to support the jury's verdict that Richard C. Strauss intended that Sagebrush rely upon the belief that Richard C. Strauss, d/b/a Crawford-Strauss Properties and Crawford-Strauss Properties, Inc. were two different names referring to the same person, namely Richard C. Strauss, in extending credit for the construction of The Way Apartments. Cheshire, credit manager for Sagebrush, testified that he knew immediately that the financial statement furnished him was not the statement of "a corporation." Likewise, his testimony was that he did not ask Richard C. Strauss to personally guarantee the debt. Our reading of the record indicates that good business practice would have dictated obtaining a financial statement from the corporation, Crawford-Strauss Properties, Inc., or, failing to do that, securing a guarantee of the indebtedness from Richard C. Strauss prior to the delivery of materials.

The judgment of the trial court is reversed and the cause remanded for a new trial.